## Lord v. Poppert

*Raymond L. Brennan,* for plaintiff.

*John B. McGurl* and *Maynard W. Stapleton,* for defendant.

DALTON, J., January 5, 1942.—This matter is before us on a petition and rule for a more specific statement of claim.

After detailing the manner in which the accident occurred, plaintiff, in paragraph 8 of his statement, averred negligence on the part of defendant in certain particular respects. Defendant has raised numerous objections to the said paragraph 8, but has cited no authority in support of his position. It has been the general practice to plead averments of negligence in the manner here followed by plaintiff. The form he has adopted finds support in Standard Pennsylvania Practice as well as in numerous form books. The objections to paragraph 8 are overruled.

Complaint is also made as to the fifteenth paragraph of the statement of claim, which reads as follows:

"15. As a result of the aforesaid collision, the automobile of the plaintiff was damaged about the left front fender and side, and the ordinary, reasonable, market value of parts and labor to repair the same exceed the fair, ordinary, reasonable market value of the automobile at the time of the aforesaid collision which was Two hundred Fifty Dollars ($250)."

To this, defendant objects that:

"4. Paragraph 15 of the plaintiff's statement does not specify or detail the injury or damage resulting to the plaintiff's automobile therein referred to, does not specify or detail whether such damage could have been repaired, or the fair, reasonable and ordinary cost of said repairs, or the fair, ordinary and reasonable market value of the plaintiff's automobile at the time of the collision, or the fair, ordinary and reasonable mar-

ket value of the plaintiff's automobile after the collision, or any other fact from which the inferences or conclusions in this paragraph can be drawn."

We agree that the statement does not sufficiently set forth in what particulars plaintiff's automobile was damaged. Merely to say that it "was damaged about the left front fender and side" might mean anything from a superficial dent to a vital injury to the mechanical structure.

Plaintiff has averred the market value of the automobile "at the time of the aforesaid collision", which presumably means immediately prior to the injury, but he has not set forth the market value thereafter, nor has he averred what the costs of repair would be.

It is to be observed that defendant's objection does not clearly raise the question whether the costs of repairs may be stated in a lump sum or whether the amount of damages for each item of repair should be specified. As to this question, the cases are in conflict (see 3 Standard Pa. Practice, pp. 528, 530, and cases there cited), but we think it the better practice to set forth the individual items: Bollinger v. Greenaway, 3 D. & C. 312; City of Bethlehem v. Lehigh Valley Transit Co., 7 D. & C. 632. The objections to paragraph 15 are sustained.

And now, January 5, 1942, the rule to show cause why a more specific statement of claim should not be filed is made absolute, and plaintiff is allowed 15 days from this date to file an amended statement.